CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 10, 2018

LETTER TO COUNSEL

RE: *David Camden v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-3301

Dear Counsel:

On November 8, 2017, Plaintiff David Camden petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Camden protectively filed his claims for benefits in May, 2013, alleging a disability onset date of April 4, 2012. (Tr. 163-71). His claims were denied initially and on reconsideration. (Tr. 72-82, 84-95). A hearing was held on August 2, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 39-71). Following the hearing, on September 15, 2016, the ALJ determined that Mr. Camden was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-33). The Appeals Council denied Mr. Camden's request for further review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Camden suffered from the severe impairments of "an affective disorder, a learning disorder, degenerative disc disease, a personality disorder and arthritis." (Tr. 21). Despite these impairments, the ALJ determined that Mr. Camden retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant can lift and carry 25 pounds frequently and 50 pounds occasionally. He can sit, stand or walk for six hours in an eight-hour day. The claimant can constantly push or pull at the medium exertional level. He is limited

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> to understanding, remembering and carrying out short, simple instructions consistent with the performance of unskilled work. The claimant is limited to occasional interaction with supervisors, co-workers and the public. He cannot perform production rate work, but can perform goal-oriented work. Finally, he is not to be required to perform jobs that require reading or writing above the third grade level.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Camden could perform his past relevant work and that, therefore, he was not disabled. (Tr. 31-33).

Mr. Camden raises two arguments on appeal: (1) that the ALJ failed to properly assess Mr. Camden's mental RFC; and (2) that the ALJ failed to properly explain the weight given to the opinion of Dr. McDonald. Pl. Mot. 7-12. Both arguments lack merit for the reasons discussed below.

First, Mr. Camden asserts that the ALJ's mental RFC assessment ran afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 635-37 (4th Cir. 2015), because the ALJ failed to conduct a function-by-function analysis. Specifically, Mr. Camden argues the ALJ's analysis was flawed because it addressed neither Mr. Camden's ability to respond appropriately to usual work situations, nor his ability to deal with changes in a routine work setting. Pl. Mot. 8. At step three in the sequential analysis, *see* 20 C.F.R §§ 404.1520(a)(4), 416.920(a)(4), the ALJ found Mr. Camden had "moderate difficulties" in social functioning. (Tr. 23). The ALJ accounted for those difficulties in the RFC by limiting Mr. Camden to "occasional interaction with supervisors, co-workers and the public." (Tr. 24). The ALJ discussed numerous observations from Mr. Camden's medical history and daily activities that supported his conclusion that Mr. Camden did not have a greater need for social limitations or an inability to respond to work situations, including: that Mr. Camden went out with his friends, (Tr. 25), that Mr. Camden attended and socialized at a fundraiser for a local hospital, (Tr. 27), and that Mr. Camden's treating physicians regularly noted he was cooperative and displayed a "normal mood and normal affect," (Tr. 25-27).

With regards to Mr. Camden's ability to deal with changes in a routine work setting, the ALJ found at step three that Mr. Camden did not have any episodes of decompensation of an extended duration. (Tr. 24). Episodes of decompensation are characterized, in part, by "a loss of adaptive functioning." 20 C.F.R Pt. 404, Subpt. P, App. 1 §12.00(C)(4) (2016). In the RFC analysis the ALJ also cited to the State agency medical consultants' findings that Mr. Camden had "no adaptation limitations," (Tr. 29), and the State consultants further noted in their reports that Mr. Camden "[c]an adapt to most changes and task demands on a sustained basis," (Tr. 80, 93). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Mr. Camden's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d

1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's evaluation of Mr. Camden's mental RFC was supported by substantial evidence.

Mr. Camden also argues that the ALJ failed to adequately explain why the opinion evidence of a non-treating consultative examiner, Dr. Nancy McDonald, was only given "very limited weight." Pl. Mot. 9-12. The ALJ explained that Dr. McDonald's two reports were based on evaluations conducted "well prior to the claimant's alleged onset date," and were "only partly consistent with the record as a whole." (Tr. 30). The relevant findings by Dr. McDonald were that Mr. Camden had "borderline intellectual functioning . . . in the mentally retarded range." (Tr. 30). This finding by Dr. McDonald was based on an IQ test in which Mr. Camden scored in the bottom one percentile of overall "full scale" intellectual functioning. (Tr. 954). Dr. McDonald explained in her treatment notes that Mr. Camden's overall score was lowered by his impairment in "working memory," and that his "verbal comprehension, perceptual reasoning, and processing speed were found to be at the borderline range of functioning." (Tr. 954-55). In her second report, Dr. McDonald noted Mr. Camden was "functioning below the normal range of intelligence at the borderline range." (Tr. 965). Elsewhere in the decision, the ALJ discussed evidence in the record that was inconsistent with Dr. McDonald's findings, such as an observation that Mr. Camden displayed "an excellent fund of knowledge," repeated observations that Mr. Camden exhibited "good insight and judgment," and that his thoughts were logical and goal directed with "concrete thought processes." (Tr. 26-27). Therefore, the ALJ's explanation for the assignment of weight to Dr. McDonald's opinion evidence was sufficient, and does not warrant remand.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge